
FILED
JAN 21 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMARE EL BEY, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil Action No. 1:20-cv-03840 (UNA) |
| ALPER AKAN, | ) |
| *Defendant*. | ) |

## MEMORANDUM OPINION

This matter is before the court on plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant plaintiff's IFP application and dismiss the complaint for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of the District of Columbia, sues a single individual, Alper Akan, also a resident of the District of Columbia. Plaintiff vaguely alleges that defendant, a real estate developer, "committed fraud, estate embezzlement, trespass, deprivation of rights under color of law, and denationalization, moving an unlawful eviction with no contract with [plaintiff] in fraud." He further alleges that defendant "destroyed" and "gutted out" his real property, though it is unclear where and when these events purportedly transpired.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the

same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).

It is a "well-established rule" that the diverse citizenship requirement be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). The complaint provides no basis for diversity jurisdiction because plaintiff and defendants are all located in the District. *See Morton v. Claytor*, 946 F.2d 1565 (D.C. Cir. 1991) (Table) ("Complete diversity of citizenship is required in order for jurisdiction to lie under 28 U.S.C. § 1332."); *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant."). Here, both parties are located in the District, therefore, there is no diversity of citizenship.

The complaint also fails to present any federal question under 28 U.S.C. § 1331. While plaintiff uses phrasing like "deprivation of rights" and makes passing reference to the Constitution, he fails to actually articulate the fundamental "rights" of which he was allegedly deprived. "[F]ederal court jurisdiction must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts." *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (per curiam)). Consequently, there is also no basis to support federal question jurisdiction and this case will be dismissed. A separate order accompanies this memorandum opinion.

Date: January 20, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge